## WINTON *vs.* MEEKER AND OTHERS.

The plaintiff having alleged in his declaration, that in consideration that he would accept the office of administrator of a certain estate, and proceed to the settlement thereof, the defendants promised that they would fully indemnify him for his services and expenses as such administrator, so far as the estate which could be made available should prove insufficient, and that he assumed said office and faithfully discharged all its duties,—it was held, that the plaintiff was bound to prove a complete legal settlement of the estate, and that he was not excused from making an inventory and settling his administration account in the probate court, by the fact that the estate proved to be so small as not to warrant the expense.

The contract proved on the trial, being one of indemnity only, it was held, that it would not support the common counts.

Where an irrelevant question is put to a witness on cross-examination, his answer can not be contradicted by the party asking the question.

ASSUMPSIT. The plaintiff, in his declaration, alleged that before the first day of September, A. D. 1846, one Joseph Meeker, then of Westport, in this state, had died intestate, leaving certain estate on which no administration had been taken on said 1st day of September; and that the defendants, desiring that the plaintiff should become administrator thereof, did then specially request him to become such administrator by legal appointment, and proceed to the settlement of said estate as such administrator, and did then and there, in consideration that the plaintiff would consent to do so, assume upon themselves and faithfully promise the plaintiff, that they would pay and satisfy him and fully indemnify him for all such proper services as should be rendered by him as such administrator, and all expenses, costs and charges which should be by him properly incurred in the discharge of his proper duties as such administrator, so far as the said estate, which could be made available for that purpose should prove insufficient for such payment, satisfaction and indemnification, when they should be thereafter requested; and that in pursuance of said request and in reliance on said promise, he did, on the same day, consent to become such administrator upon being legally appointed such, and was afterward, on the same day, duly appointed admin-

istrator of said estate, and in all particulars duly qualified as such, and did then and there take upon himself the office of such administrator, and did thereafter take said estate into his possession as such, and proceed to discharge and did faithfully discharge in all particulars all his duties as such administrator, by collecting and realizing all of said estate which could be collected and realized, and properly disposing of the same, and did in so discharging his duties render services of the value of fifty dollars, and did for necessary expenses pay out seventy dollars ; and that the whole of said estate which could by all his exertions be collected and realized, and all that could by such exertions be made available toward payment of his just allowance for said services and said payments and expenditures, amounted to the sum of twenty dollars only, leaving the sum of $100 still unpaid and due to him ; alleging notice to the defendants, a special demand, and their refusal to pay. The declaration contained also the common counts.

The defendants pleaded the general issue, with notice that they should offer proof that the plaintiff did never discharge the duties of administrator of said estate as alleged in the declaration, and neglected to administer fully thereon, and neglected to settle his administration account in the court of probate.

The case was tried to the jury at the term of the superior court holden in Fairfield county in December, 1856.

On the trial, the plaintiff offered evidence tending to prove that before he took out letters of administration on the estate in question, he was solicited by the defendants to do so, and objected, unless they would agree to indemnify him against loss ; that the defendants, claiming that there was property belonging to the estate, and wishing it investigated, to induce the plaintiff to become administrator, promised to make up the deficiency if there should not be property enough of the estate to pay him for his services and expenditures, and agreed to indemnify him against all expenses which should accrue in the settlement of the estate which he could not get out of the estate itself ; that thereupon he took

out administration, and procured the appointment of appraisers and commissioners to receive claims against the estate, and had a time limited by the court for the presentation of claims. The plaintiff also offered evidence that he made search for property belonging to the estate, and could find none but an old chest, worth about fifty cents, and a small note worth twenty dollars, that sum only having since been collected thereon by execution, the residue being uncollectible; that the appraisers resided several miles from the place where said chest was, and that it would cost more than its value to inventory it.

The plaintiff also exhibited in evidence his account for his services and expenditures as administrator, having applied in part payment thereof the above sum of twenty dollars. He also produced his account-book, in which the charges for his services and expenses were debited to the estate of the deceased.

It was admitted that the plaintiff's account had not been presented to the court of probate for allowance, or allowed by that court.

The defendant requested the court to charge the jury that the contract of the plaintiff, as set forth in his first count as the consideration of the defendant's promise, required a strict discharge by the plaintiff of all the duties of the administratorship, and must be proved to have been performed; and inasmuch as it was admitted that the plaintiff had returned no inventory and made no settlement of his administration account, he could not recover.

The court did not so charge the jury, but instructed them that the words of the first count, setting forth the plaintiff's agreement, had no such fixed legal meaning as necessarily to require a strict, technical discharge of all the duties of an administratorship; that the words were sufficiently flexible in their meaning to admit evidence of a contract, if such was made, to discharge the duties of administration with fidelity and substantial accuracy, and in a manner to accomplish such purposes as the parties had in view in causing administration to be taken out; and if such was in fact the contract, then the performance required ought to corre-

Winton *v.* Meeker and others.

spond with it, and need not be more strict and technical than was fairly contemplated by the agreement of the parties.

The defendants claimed, on the trial, that the plaintiff became such administrator on his own solicitation, by their consent, but without being requested by them, and offered themselves as witnesses, and were heard in proof thereof. The plaintiff, for the purpose of repelling this claim, and to show that they had been solicitous to obtain some person to administer upon the estate, inquired of them whether they had not, before the plaintiff's appointment, applied to Alva Gray, or to some other person, to take such administration; to which inquiry they answered that they had never so applied to any person whomsoever. This inquiry and answer were made without objection. The plaintiff afterward offered the testimony of Alva Gray, that the defendants had applied to him to become such administrator, to which the defendants objected, on the ground that the contradiction related to an immaterial point; but the court admitted it.

The plaintiff claimed to recover on the common counts, for so much of his services and expenses as the estate proved insufficient to pay, and requested the court to charge the jury that the evidence would support those counts. The court, however, instructed them, that upon the admitted facts in the case, the plaintiff's claim was primarily against the estate of the deceased, and that his claim upon the defendants was secondary, and upon them in the character of mere sureties upon the failure of the estate to furnish sufficient assets for his payment; that the relation of debtor and creditor upon which the common counts were founded, did not exist between the plaintiff and defendants; that the book of the plaintiff showed that the estate was regarded as the debtor, and that the engagement of the defendants was merely collateral; and that the plaintiff, therefore, was not entitled to recover upon the common counts, unless they could find that the defendants had hired him to act as their servant in the administratorship, so as to be entitled to charge his services directly to them.

The jury returned a verdict for the plaintiff on the first count of the declaration, and the defendants thereupon moved in arrest of judgment, which motion the court overruled and rendered judgment for the plaintiff. The defendants thereupon filed a motion in error, and a motion for a new trial. The plaintiff also filed exceptions to the charge of the court as to his right to recover on the common counts. The motion for a new trial and bill of exceptions were allowed by the court, and the questions arising thereon were reserved for the advice of this court.

*Ferry*, (with whom was *Wilson*,) for the defendants.

1. Performance by the plaintiff of that which he agreed to do, is essential to his claim to recover. He agreed to administer and settle the estate of the deceased ; but not having done this, the foundation of his action fails.

But it is said that administration and settlement, as used in the declaration, are not to be understood in their ordinary legal signification. But this is contrary to settled rules of pleading. 1 Chit. Pl., 237, 238.

The court, however, instructed the jury, substantially, that the plaintiff might recover without such performance, and that they had a right to consider the partial performance proved, as a sufficient compliance with the plaintiff's agreement as set forth in the declaration. But the plaintiff had neglected the first and most important duties of administration. Rev. Stat., tit. xiv., sec. 28.

2. The defendants' promise was to indemnify, " so far as the estate should prove to be insufficient." The settlement of the plaintiff's administration account by the only proper tribunal, viz., the probate court, was necessary to ascertain the balance for which the defendants were to be responsible ; but no such settlement has been made. And the defendant's promise being merely to indemnify, they do not stand in the relation of debtors to the plaintiff, and can not be held liable on the common counts.

3. The testimony of Gray was inadmissible, as the contradiction related to an immaterial point.

*Hawley,* (with whom was *Belden,*) for the plaintiff.

1. The character of the contract is to be regarded, and in ascertaining that, we must look at the object. That object was, to have an investigation into the condition of the estate by one clothed with authority to make it; to have the estate settled in legal manner, so far as necessary for the attainment of that object, and no farther; to do no more than should be necessary for the attainment of that object. Neither the law nor the contract required a nugatory and worse than nugatory act; the making utterly useless expenses for the defendants themselves to pay. Indeed, the making such expenses would have been a violation of duty to the defendants. An inventory and settlement are necessary only in reference to the ultimate disposition of the estate, and here was no estate to be disposed of. The contract is to pay for our trouble and expenditures, not such sum as should be allowed us by probate. Chit. on Cont., 74.

2. There is a full consideration, the services and expenses. The contract was not to pay one already administrator, for his services, more than the law would allow. It was to pay him if he would become administrator, for his services, &c., if there was not estate enough to pay him. The principle relied on by the defendants, applies only to cases of promises to pay to one already clothed with office, or in an employment, and already liable to perform certain duties for certain fees or wages, a sum for such performance of those duties greater than the fees or wages for which he is already bound to perform them. Chit. on Cont., 51, 52.

3. If the plaintiff could not recover on the special count, he can on the common. The services were rendered at the defendants' request; the account with the estate was only a memorandum of those services. It was a mere promise to pay for the services and expenses, less the sum he should get from the estate.

4. The testimony of Gray was properly admitted. It contradicted the defendants on a point material to the issue, and was admissible for the purpose of showing that the defendants were solicitous to procure some one to undertake the

administration. *Bridge* v. *Eggleston*, 14 Mass., 245. 2 Phil. Ev., (C. & H.,) 432. Sw. Ev., 153, 155.

HINMAN, J. The plaintiff alleges in his first count, that in consideration that he would agree to become administrator on the estate of Joseph Meeker, deceased, by legal appointment, and as such administrator would settle the estate, the defendants assumed upon themselves and promised that they would fully indemnify him for all his proper services as administrator, and for all his expenses and charges incurred in the discharge of his said duties, so far as the estate of the deceased, which could be made available, should prove to be insufficient for his payment and indemnification; and then, as the ground of recovery, he alleges that he has fully performed his part of the contract, and that the estate has proved insufficient to pay for his services and expenses, of which the defendants have had notice, and that they neglect and refuse to indemnify and pay him, &c.

The plaintiff proved that he took out administration under this agreement, and took certain measures as administrator in the progress of the settlement of the estate, but he failed to prove that he ever made any settlement of the estate; and the probate records show that no inventory of the estate was ever made, or that there was ever any settlement of the estate, or of his administration account with the court of probate; and he now claims to recover on this count, without showing that he has administered and settled the estate; and the question is whether he can do so.

We see nothing in the contract itself, as the plaintiff has chosen to state it in this count, to excuse the performance of it on his part. He alleges such performance as the ground of his right of recovery; and it is obvious that so far as the acts to be done by him were in any sense material, they must be performed, or the whole foundation of his action fails. His agreement must be executed according to its legal effect, or he has no right to call for the indemnification promised him. Indeed, the character of the agreement was such as seems to render it impossible to know, with any legal

certainty, what the deficiency of the estate, for his payment and indemnification would be, until the estate was finally settled, and his account, as administrator, was settled with the court of probate. If it was an object of the defendants to have the estate settled, it must be intended by it a legal settlement. The court below seem to have entertained the idea that the parties intended, by the settlement of the estate, merely such an investigation into its condition as to show with reasonable certainty what its condition substantially was, without requiring a legal settlement. If such was in fact the agreement, perhaps the plaintiff, on a count adapted to such a state of facts, might be able to succeed in his action. But we are satisfied that he can not, upon the contract, as he has stated it, in which he says he was to settle the estate, not merely to investigate its condition; and to settle an estate, has as precise and definite a meaning as almost any other phrase. Surely it can not, in any sense, be said to be accomplished, so long as the administrator's account is unsettled with the probate court. And as the plaintiff must recover upon the case as he has chosen to state it, we think the court was wrong in allowing the jury to find for the plaintiff upon any less proof than that the plaintiff had, in point of fact, caused a legal settlement of the estate. It is true the estate was very small, judging of it by such proof as was before the court, and might, probably, have been settled under the sixty-fifth section of the statute relative to the settlement of insolvent estates, at a trifling expense, and without the appointment of commissioners. But however this may be, we think some legal settlement of it was required to be proved in order to enable the plaintiff to recover on this count, and because the court charged the jury, substantially, that this was not required, we think a new trial should be granted.

The defendants were examined as witnesses in the case, and, on their cross-examination, they were asked if they had not applied to Alva Gray, Esq., or some other person, to take out administration on said estate; to which they answered that they had never so applied to any person whatever.

The plaintiff then was permitted to contradict this, by the testimony of Mr. Gray, though his testimony was objected to by the defendants. The object of examining the defendants on this subject is stated to have been to repel a claim that the plaintiff was solicitous to become administrator. But we do not see that this was a matter of any importance. The issue was not as to whether he was more or less willing to act as an administrator, but whether the defendants agreed to indemnify him for his charges and expenses for so acting. We are inclined to think, therefore, that as this point is stated in the motion, the testimony of Mr. Gray should have been excluded. There is no doubt as to the rule of law stated by Greenleaf, that if an irrelevant question is put to a witness, his answer can not be contradicted by the party who asked the question. And we do not see that the solicitation by the defendants, that Mr. Gray should act as administrator, tended at all to show that they also solicited the plaintiff so to act. It appears to us, therefore, that the inquiry of him should have been excluded.

The contract stated in the bill of exceptions appears to us, as it was held to be by the court, a contract of indemnity merely. There was no agreement to pay absolutely for the plaintiff's services, and to repay to him his expenses; but the agreement was to pay so much thereof as the estate should prove insufficient to pay. The claim against the defendants, therefore, was in the nature of a claim against them as sureties for the estate. It was substantially a guaranty that the estate should prove sufficient, and as such did not show the relation of debtor and creditor, upon which alone the common counts are founded.

There was no error, therefore, in this part of the case; but for the reasons before stated, we advise that a new trial be granted.

In this opinion the other judges, STORRS and ELLSWORTH, concurred.

New trial advised.